CONN v. RICE et al.

(Circuit Court of Appeals, Fifth Circuit. March 18, 1913.)

No. 2,341.

1. TRESPASS (§ 19*)—TITLE OF PLAINTIFF—ASSIGNMENT AS SECURITY.

Where a landowner, pending suit to recover certain land and in addition to convey half of the land to plaintiff, made a subsequent assignment to him of timber rights on the land, including a cause of action for damages for trespass already committed, such assignment conferred on

---

. . plaintiff the right to sue for and recover all damages resulting from the taking of the timber from the whole tract, though the conveyance and assignment, absolute in terms, were mere securities for the repayment of moneys advanced by plaintiff.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 18–31; Dec. Dig. § 19.*]

2. TRESPASS (§§ 23, 56*)—CUTTING TIMBER—DAMAGES—MITIGATION—ADVICE OF COUNSEL.

Where, in an action against receivers to recover timber land, plaintiff appealed from an adverse judgment, and pending appeal the receivers sold the timber on the land, which was removed by their vendees, the fact that the receivers, in so doing, acted on the advice of eminent counsel, did not constitute a defense, and was available only, as indicating good faith, to relieve them from liability for exemplary damages, on its being subsequently determined that they had no interest in the timber.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 48–51, 64, 65; Dec. Dig. §§ 23, 56.*]

3. TRESPASS (§ 27*)—RECEIVERS—EXTENT OF LIABILITY.

Where, pending appeal in a suit against receivers to recover timber land, they wrongfully sold and permitted the removal of the timber which they were subsequently held not to own, they were guilty of trespass and conversion, and could not be permitted in equity to derive any profit therefrom.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 53, 59–63; Dec. Dig. § 27.*]

4. TRESPASS (§ 46*)—CUTTING TIMBER—STUMPAGE VALUE.

In an action for the wrongful cutting of timber from land which the defendants did not own, evidence of the stumpage or market value of like timber at the time of the trespass was not conclusive as to the amount to be recovered for the wrongful taking against the will and protest of the owner, as he was not bound to sell, but was entitled to hold the timber according to his own judgment and necessities.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 123–127; Dec. Dig. § 46.*]

5. TRESPASS (§ 52*)—CUTTING TIMBER—SALE—DAMAGES—CONTRACT PRICE.

Where, pending suit against the receivers of an oil company to recover certain timber land, the receivers, who were subsequently held not to own the land, sold the timber to the receivers of a lumber company, who removed the timber, the measure of recovery against the receivers of the oil company for the conversion of the timber could not be less than the contract price which they received for the sale thereof.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 137, 138; Dec. Dig. § 52.*]

6. TRESPASS (§ 52*)—STANDING TIMBER—DAMAGES TO VENDEE.

An owner of certain timber land contracted to sell the same to C. for $200 cash and $2.25 per 1,000 feet as the timber was thereafter scaled when cut and removed. C. paid the $200, but took no further steps to assert any right to the timber until after it had been cut and removed by trespassers, and the landowner had sued to recover for the trespass and conversion. Held, that C.'s rights in the recovery were limited to a return of the $200 advance payment, with interest, and to the difference between the rate per 1,000 which he had agreed to pay for the standing timber and its value regarded as standing timber at the time it was cut.

[Ed. Note.—For other cases, see Trespass, Cent. Dig. §§ 137, 138; Dec. Dig. § 52.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**7. ATTORNEY AND CLIENT (§ 144\*) —COMPENSATION—CONTRACTS—ASSIGNMENTS —EFFECT.**

An owner of timber land, having contracted to sell the timber to C., pending suit to recover the land from an adverse claimant, assigned one-half of all moneys to accrue under the transfer of the timber to C. to H., one of his attorneys, in consideration of services rendered in the suit. The timber was wrongfully cut and removed by the vendee of the adverse claimant, and suit was thereafter brought by the landowner's assignee to recover damages for the trespass. At the time of the assignment to H., C. owed the landowner nothing under his timber contract, and, the timber having been subsequently removed, there was no possibility that the contract could be further executed, so as to give the landowner any enforceable claim against C. *Held*, that H. was entitled to no part of the trespass recovery by virtue of such assignment, but was in equity only entitled to such an allowance as his services were reasonably worth.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.\*]

**8. MORTGAGES (§ 217\*)—ABSOLUTE CONVEYANCE—ACTION AGAINST THIRD PERSON—RIGHT TO PROCEEDS.**

An owner of certain timber land, having sued an adverse claimant to recover the same and being unable to appeal from an adverse decree, conveyed one-half of the land to plaintiff to induce him to advance the funds necessary for an appeal, pending which the timber was sold by the adverse claimant and wrongfully removed, after which the landowner assigned to plaintiff his right to recover damages for the trespass. *Held* that, such deed and assignment, though absolute in form, being in the nature of collateral security for advances made and to be made, plaintiff, after reimbursing himself for such advances and interest, together with his proper expenditures and disbursements, was bound to account to the landowner for the balance as trustee.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 559–562; Dec. Dig. § 217.\*]

Appeal from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Action by R. C. Conn against Joe S. Rice and others, as receivers, etc. Judgment for plaintiff for less than relief demanded, and he appeals. Reversed and remanded, with directions.

On the 24th day of April, 1905, Charles Dillingham, receiver of the Houston Oil Company of Texas, instituted an ancillary suit in the United States Circuit Court, Southern District of Texas, against G. W. Lewis, for the title and possession of 160 acres of land out of the southwest corner of the W. C. Armstrong survey in Newton county. The said Lewis answered, claiming title to the said 160 acres of land by the statute of limitation of 10 years under the laws of Texas, and after issue joined the case was referred to a special master for hearing and to report his findings therein. On August 8, 1907, the master made his report, in which he found that the record title to the said 160 acres of land was in the Houston Oil Company of Texas, or its receiver, and found against the said George W. Lewis on his limitation claim. Exceptions were duly filed to the report of the master, which exceptions were overruled by the court, and a decree was entered in favor of Charles Dillingham, receiver of the Houston Oil Company of Texas, for title and possession of said 160 acres of land, including all timber thereon, save and except about 11 acres surrounding the improvements of the said Lewis. Lewis filed a petition for an appeal to this court, which was granted by the judge a quo on his giving a bond in the sum of $1,000, the same to act as a bond for costs and damages on appeal. Lewis gave a bond, with appellant herein as security,

for $1,000, conditioned to prosecute his appeal to effect and answer all costs. On February 9, 1909,. this court reversed and rendered said cause in favor of said Lewis. The decree against Lewis in the Circuit Court was rendered on March 16, 1908.

Prior thereto, on the 16th day of January, 1908, the said Lewis, by a warranty deed, conveyed the north one-half of the 160 acres of land for which he was; being sued, to R. C. Conn. Lewis' deed was duly recorded in the Deed Records of Newton county, Tex., on the 16th day of March, 1908. The consideration for the deed mentioned from Lewis to Conn was $50 in cash and an agreement upon the part of R. C. Conn to look after the appeal of the said case of Dillingham v. Lewis, make the appeal bond, and advance such moneys as were necessary to pay cost, in order that the case might be brought to and decided by this court. Mr. Conn performed his part of the contract, made the appeal bond for G. W. Lewis, and advanced in cost about $250 in cash. Pending the appeal, and after R. C. Conn had recorded his deed, the receivers of the Kirby Lumber Company, while the appeal was pending in this court, cut and carried away the pine timber on said 160 acres of land. Before the timber was cut by the receivers of the Kirby Lumber Company, George W. Lewis gave them written notice and forbade them doing so. At the time of the cutting of the said timber by the receivers of the Kirby Lumber Company there was a contract existing between the said Kirby Lumber Company and the Houston Oil Company of Texas, the terms of which were being carried out. The receiver of the Houston Oil Company of Texas, upon application by the receivers of the Kirby Lumber Company, gave permission to cut the said timber, and, acting together, the said timber was cut. The receivers of the Kirby Lumber Company, in accordance with the contract existing between the Kirby Lumber Company and the Houston Oil Company of Texas at and before the cutting of the said timber, paid to the receivers of the Houston Oil Company of Texas, for the timber cut off of the land of R. C. Conn and G. W. Lewis the sum of $5 per 1,000 feet of timber, aggregating 1,198,500 feet, or $5,992.50.

The case of Lewis v. Dillingham, Receiver, 167 Fed. 779, 93 C. C. A. 267, in this court was decided in favor of said Lewis on February 9, 1909. At that time all of the merchantable pine on the land of the said G. W. Lewis and R. C. Conn had been cut by the receivers of the Kirby Lumber Company and the receiver of the Houston Oil Company of Texas, acting together. R. C. Conn and G. W. Lewis, having learned of the fact that the said case was reversed and rendered in favor of G. W. Lewis, entered into an agreement on the 14th day of April, 1909, by which R. C. Conn agreed to reconvey to G. W. Lewis the north one-half of the 160 acres of. land, and to give him a horse and buggy and $50 in merchandise; and in consideration of the said land, horse and buggy, and merchandise the said G. W. Lewis, by an instrument in writing, assigned to R. C. Conn "all of my interest in a certain debt that is due me by Geo. W. Cavin, of Nacogdoches, Texas, and the Kirby Lumber Company and the Houston Oil Company and their receivers, of Houston, Texas; the said debt that I this day sold to the said R. C. Conn is for timber cut and removed by the Kirby Lumber Company off my land," etc. The agreement between the said Conn and Lewis was that out of the recovery had for the timber on the south one-half of the land the said Conn should be paid for his land, horse and buggy, and merchandise the sum of $550, the balance to be paid out of the recovery to G. W. Lewis.

R. C. Conn brought this suit as an ancillary one on May 12, 1909, claiming that, at the time of the cutting of the timber by the receivers of the Kirby Lumber Company and the Houston Oil Company, he owned in fee simple the north one-half of the said 160 acres of land by virtue of a warranty deed from the said G. W. Lewis, dated January 16, 1908, and recorded in the Deed Records of Newton county, Tex., on March 16,.1908; further, that G. W. Lewis, for good and valuable consideration, prior to the institution of the said suit, and on, to wit, April 14, 1909, by an instrument in writing had assigned and conveyed to him the cause of action accruing to the said Lewis for the cutting of the said timber on said land, and by said deed and assignment all of the debts and causes of action in favor of the said Lewis.

had become vested in him, the said R. C. Conn. He also alleged that George W. Cavin, of Nacogdoches county, Tex., was setting up some pretended claim in and to the said timber and lumber as against the plaintiff and the said receivers, and prayed that the said Cavin be made a party. Plaintiff's suit was against Joe S. Rice and Cecil A. Lyon, receivers of the Kirby Lumber Company, a corporation, and the Kirby Lumber Company, Charles Dillingham, receiver of the Houston Oil Company of Texas, and Geo. W. Cavin, to recover of the defendants the Kirby Lumber Company, the Houston Oil Company of Texas, and their receivers, as joint tort-feasors, damages for cutting the timber off of the said land pending the appeal—plaintiff alleging that he was the owner in fee simple title of 80 acres of the land at the time of the trespass, and that since the trespass G. W. Lewis had assigned to him, by an instrument in writing, all of his rights and causes of action in reference to the cutting of said timber; that the defendants conspired and confederated together to willfully cut and remove the said timber from the said land and appropriate said timber to the use of themselves pending the appeal of the case of G. W. Lewis v. Charles Dillingham, Receiver, and by bringing the same within the terms of the said timber contract between the Kirby Lumber Company and the Houston Oil Company of Texas, the Kirby Lumber Company, or its receivers, would pay to the Houston Oil Company of Texas and its receiver $5 per 1,000 feet, thereby enabling the Houston Oil Company of Texas and its receiver to make a profit from the said timber largely in excess of its actual market value; that the defendant had cut and removed from said land, pending the appeal, 7,000 logs, aggregating 1,700,000 feet of lumber, and did convert the said logs into lumber willfully and without right or excuse, and with full knowledge of the rights and possession of the said Lewis and plaintiff, and had mixed and mingled the said lumber with other stocks of lumber, and had sold the same on the market, so that now the same could not be identified, by reason of which the defendants have become liable and obligated to pay plaintiff the value of the said lumber, to wit, the sum of $15 per 1,000 feet, aggregating the sum of $25,500, together with 6 per cent. interest thereon from the date of said conversion. Plaintiff also prayed in the alternative that, if it should be decided that he was not entitled to judgment for the market value of timber taken from the said land. then plaintiff prayed for judgment against the defendants for the value of said timber as lumber, less reasonable cost for converting the timber into lumber, and for the value of the said timber according to the contract existing between the said defendants and under which the said timber was cut, to wit, the sum of $5 per thousand feet, aggregating $8,500, together with 6 per cent. interest thereon from the date of the conversion. and, if that could not be had, plaintiff prayed for the market value of said timber, to wit, $3 per 1,000 feet.

The Houston Oil Company of Texas and its receiver answered plaintiff's suit on October 3, 1910, wherein they alleged that on or about the 24th day of April, 1905, Charles Dillingham and F. A. Reichardt, then receivers of said Houston Oil Company of Texas, filed in the Circuit Court of the United States for the Southern District of Texas, and in the cause of Maryland Trust Company, Trustee, v. Kirby Lumber Company et al., known as the main receivership cause, in which cause said Dillingham and Reichardt were appointed receivers, their supplemental and ancillary bill, which is docketed as "Intervention No. 294, Chas. Dillingham and F. A. Reichardt, Receivers of the Houston Oil Company of Texas. v. Geo. W. Lewis, wherein they sought to recover title and possession of 160 acres of land, part of the W. C. Armstrong survey, in Newton county, Tex.: that the said Lewis had answered said suit, and the same had been referred to the special master, who, on or about the 12th day of July, 1907, had filed in said Circuit Court his report, recommending judgment in favor of the Houston Oil Company of Texas and its receiver; that said Geo. W. Lewis duly excepted to the master's report, which exceptions were overruled by the court, and judgment rendered in favor of the Houston Oil Company of Texas and its receiver for said land, less, however, the tract of 11 acres actually inclosed by the said Lewis, and said decree was entered by said court on March 16, 1908; that on the 29th

day of July, 1908, the said Geo. W. Lewis, in said Intervention No. 294, filed his assignments of error, petition for appeal, and appeal bond, and that the said Circuit Court thereupon entered an order allowing said appeal, and the said case was carried to the United States Circuit Court of Appeals, this circuit, for a review of the said judgment. The said defendants denied that Cecil A. Lyon and Joe S. Rice, receivers of the Kirby Lumber Company, and Charles Dillingham, as receiver of the Houston Oil Company of Texas, did with force of arms, wrongfully, willfully, and oppressively enter upon said land. They denied that they were engaged in selling said lumber and said logs upon the market, and denied that they ever sold any logs at any time, and denied that they had committed trespass upon the said 160 acres of land. The said answer admitted the making and the existence of the contract between the Kirby Lumber Company and the Houston Oil Company of Texas, whereby the said Houston Oil Company of Texas, or its receiver, obtained $5 per 1,000 feet for the timber cut off of said land; that under the decree of March 17, 1904, appointing receivers for the said Kirby Lumber Company and the said Houston Oil Company of Texas, the said receivers were vested with title to and with full power of said receivers, and instructed to take immediate possession and charge of, and to manage and control, under the orders of the court, all of the property, real, personal, and mixed, belonging to the two defendant corporations, and the said receivers were authorized and directed to continue the business operations of said corporations and carry out said timber contract; that on the 24th day of July, 1908, the receivers of the Kirby Lumber Company, in due course of the carrying out and continuing of the business of the Kirby Lumber Company, and in the due and usual and ordinary performance of the said timber contract, asked the receiver of the Houston Oil Company of Texas for permission to cut the timber from the 1,130 acres of land owned by the Houston Oil Company of Texas on the W. C. Armstrong survey in Newton county, of which the 160-acre tract involved in said Intervention No. 294 was and is a part; that upon advice of their general counsel, Denman, Franklin & McGowen, they gave permission to the receivers of the Kirby Lumber Company to cut said timber under the said timber contract; that said advice of their general counsel was given after being apprised of the existing condition of said litigation in Intervention No. 294; that, acting upon the said advice of general counsel, they had given permission to the receivers of the Kirby Lumber Company to enter upon the said 160 acres and cut the timber therefrom under the timber contract between the said two companies; that about the 19th of August, 1908, the receiver of the Houston Oil Company of Texas gave permission in writing to the receivers of the Kirby Lumber Company to cut the timber from the 160 acres of land involved in said suit (except the 11 acres awarded to Geo. W. Lewis by decree of said Circuit Court) under the timber contract between the Kirby Lumber Company and the Houston Oil Company of Texas, and alleged that the said receivers of the Kirby Lumber Company, in accordance with said permission and under and by virtue of said timber contract, entered upon said land and cut and removed therefrom 1,198,577 feet of pine timber, and that the same was cut and removed during the months of October, November, and December, 1908, and January, 1909; that, in cutting and removing said timber, same was scaled by the timber scalers provided for in said timber contract, and that the quantity of timber given above is the quantity cut and removed from the said 160 acres of land and scaled and reported by the said timber scalers; that at the time of the giving of permission to cut said timber the Houston Oil Company of Texas owned and held said land under fee simple title and perfect record title, and in addition to that the Circuit Court had entered a decree in favor of the said defendant and against the said Lewis for said land, and having the report of the special master on said cause and the decree of the Circuit Court confirming same, and having submitted said question of law to his counsel, the said receiver of said Oil Company owned said land. and in entire good faith and without any desire to injure the said George W. Lewis gave permission to the receivers of the Kirby Lumber Company to cut said timber. The said defendant alleged that Geo. W. Cavin, of Nacogdoches county, Tex., Geo. W.

Lewis, of Newton county, Tex., and John Hamman, of Harris county, Tex., were asserting some character of claim or right in and to said timber or its value, as against the claimant and the Kirby Lumber Company, and its receivers, and the Houston Oil Company of Texas, and its receiver, and asked the said parties be made parties litigant to this suit, so that the parties might be protected, etc.

Cecil A. Lyon and J. S. Rice, receivers of the Kirby Lumber Company, filed their answer on March 16, 1911. They admitted that they were the receivers of the Kirby Lumber Company, acting under and by virtue of the appointment of the Circuit Court at the dates and trespasses complained of by intervener R. C. Conn, and admitted that as such receivers they had possession of and control of all of the properties of the said corporation, and were operating the same under orders of the court at those dates, and that the defendant Chas. Dillingham, receiver of the Houston Oil Company of Texas, had like authority and power. The said answer then proceeds to admit the matters of fact in reference to Intervention No. 294, Chas. Dillingham, Receiver, v. Geo. W. Lewis, practically as set out and admitted by their codefendants, Chas. Dillingham and Houston Oil Company of Texas. The said defendants denied that they did with force of arms, wrongfully, willfully, and oppressively enter upon said land and cut and carry away all of the merchantable pine timber thereon. The said defendants admitted the existence and the terms of the timber contract between the Houston Oil Company of Texas and the Kirby Lumber Company at the time of the alleged trespass; that the said defendants requested permission of the receiver of the Houston Oil Company to cut the timber on the 160 acres of land involved in said Intervention No. 294, and that said permission was given, and under the terms of the said contract existing between the said two companies, after having taken the advice of their own general counsel, with knowledge of the circumstances then existing relative to the disposition of said Intervention No. 294, they proceeded to cut and did cut the timber from said land, and in doing so acted in good faith, believing that the Houston Oil Company of Texas had a good title to said land; that during the months of October, November, and December, 1908, and January 1909, they cut and removed from said land 1,171,665 feet of timber, believing that they were rightfully entitled to commit the acts done by them, and with no intention to injure or oppress the intervener or deprive him of any rights which he may have had; that the logs, after being transported to the mills, are so mingled and mixed with other logs that accurate information in reference to the same cannot be obtained. The said defendants admitted the existence of the timber contract as alleged in plaintiff's pleadings, and admitted, further, that the said contract was in force at the time of the cutting of said timber, and alleged that they were at said time engaged in due performance of said contract under the orders of the court in the receivership cause. The said defendants admitted the price of $5 per thousand feet referred to in plaintiff's pleadings as the price fixed by said contract to have been paid by said Kirby Lumber Company was largely in excess of the market value of the timber at the time of the alleged trespass. The said defendants also impleaded Geo. W. Cavin, Nacogdoches, Tex., John Hamman, Harris county, Tex., and G. W. Lewis, of Newton county, Tex., and prayed the court that the intervener take nothing, and that they go hence without day, etc.

On October 21, 1910, John Hamman filed a cross-bill, complaining of all of the parties to the said suit, and alleging in said cross-bill that he referred to and adopted as his own the allegations of the cross-bill of his codefendant Geo. W. Cavin, filed on the same date. The said John Hamman further alleged that under and by virtue of that certain written contract and transfer made, executed, and delivered to him by Geo. W. Lewis, dated March 20, 1909, the said Lewis, for valuable consideration, did transfer and assign to him in full one-half interest in and to all sums of money and other rights, interests, and properties which inured or might accrue to said Lewis under and by virtue of his timber contract theretofore entered into by and between him, the said Lewis, and Geo. W. Cavin, dated October 2, 1906, and by virtue of said instrument that he became and was the owner of an undivided

one-half of all sums of money which the said Lewis was or is entitled to receive from the said Geo. W. Cavin for the timber cut or to be cut by the said Cavin on said land; that the Kirby Lumber Company, and its receivers, and the Houston Oil Company of Texas, and its receiver, knowingly, willfully, and recklessly, and in disregard of the rights of complainants, trespassed upon the said lands, and cut and appropriated the timbers therefrom, and converted the same into lumber, and disposed of the same, and put it beyond the reach of said Cavin and of this complainant, thereby becoming liable to the said Cavin, and to the said Lewis, and to complainant, according to the respective interest as measured and fixed by the said contracts between Cavin and Lewis, on the one hand, and complainant and Lewis, on the other; that the said defendants cut and carried away timber from said land aggregating 1,700,000 feet of lumber, and that by virtue of said contract between Lewis and Cavin the said Lewis would have been entitled to receive as compensation for said timber $3,825, and would have received the same from the said Geo. W. Cavin if the latter had not been interrupted by the unlawful conduct of said companies and their said receivers in cutting and appropriating the said timber; that the complainant John Hamman, under and by virtue of his said contract with said Lewis, was entitled to and would have received one-half of the said Lewis' portion, which would have been $1,912.50. Wherefore the said complainant prayed for judgment against the Kirby Lumber Company and the Houston Oil Company of Texas and their receivers, in the sum of $1,912.50, with interest at the rate of 6 per cent. per annum from the dates of the conversion of said timber, and that the same be declared and fixed as a lien on the funds in the hands of the Houston Oil Company of Texas, placed by the Kirby Lumber Company as the purchase price thereof, etc.

Geo. W. Cavin filed a cross-bill on October 21, 1910. He alleged that on or about the 2d day of October, 1906, G. W. Lewis, being the owner of 160 acres of land, by written deed and transfer of that date sold, transferred, and conveyed, for a valuable consideration, to him all the merchantable pine timber then standing on said land (it being the tract of land involved in Intervention No. 294); that the consideration of said conveyance was the payment by said Cavin to said Lewis of the sum of $200 in cash and the further payment of $2.25 per 1,000 of the timber to be cut, and to be paid as scaled, payments to be made on the 15th day of each month after the scales should be turned in on the 1st of said month, and it was stipulated as part of said contract that said Cavin should cut and remove said timber from said land within a period of 10 years from the date thereof, and, failing to do so, that the title thereto should revert to and vest in the grantor, G. W. Lewis; that said deed was duly acknowledged and recorded October 2, 1906, in the deed records of Newton county, Tex.; that he purchased and acquired and became the owner of said timber in good faith and for a valuable consideration; that at the date of the execution of said deed he paid the said Lewis $200.in cash, and for which he was entitled to receive a credit on the total purchase price, and subsequently he had paid said Lewis the sum of $250, for which he is entitled to a credit on the total purchase price of said timber; that after his purchase of the said timber, and before he was able, with the utmost diligence, to perform and consummate his undertaking thereunder, so as to remove the said timbers, suit was instituted in this court by Charles Dillingham, receiver of the Houston Oil Company of Texas, against G. W. Lewis for the title and possession of said land. The said cross-bill sets out the proceedings in the said Intervention No. 294, and alleges the trespasses of the receivers of the companies as alleged by the complainant, R. C. Conn; that the said Cavin was entitled to a judgment by reason of his conveyance aforesaid against the Kirby Lumber Company and the Houston Oil Company of Texas, and their respective receivers, for the market value of the lumber taken from said land, to wit, $25,500, together with 6 per cent. interest thereon per annum from the date of said conversion, and in the alternative for the value of said timber according to the contract between the Kirby Lumber Company and the Houston Oil Company of Texas, under which the timber was cut, to wit, the sum of $5 per 1,000 feet, aggregating $8,500,

together with 6 per cent. interest thereon; and further, in the alternative, for the market value of said timber, with 6 per cent. interest, etc.

The plaintiff, R. C. Conn, answering the cross-bill of G. W. Cavin, alleged that some time prior to the rendition of the judgment in the lower court in the case of Dillingham v. Lewis, Intervention No. 294, G. W. Cavin pretended to purchase from the said G. W. Lewis all of the merchantable pine timber of the land involved in said suit, and took from the said Lewis a pretended transfer or timber deed to all of the merchantable pine timber upon the said land, for a consideration of $2.25 per 1,000 feet; that at the time of the trial of said case in the lower court, and at the time of the rendition of the judgment therein, the said Cavin had taken no steps to remove the timber from said land, but had merely placed his timber deed on record in Newton county. Plaintiff alleged that on the rendition of the decree in the case of Dillingham v. Lewis it became apparent to the said Geo. W. Cavin that whatever right he had in and to the timber upon the said land was lost, in that the said G. W. Lewis had been cast in said suit, and a judgment had been rendered for the said Dillingham for the said land; that thereupon the said Cavin sent for the said G. W. Lewis and represented to the said Lewis that he had lost his land, and therefore the timber deed from the said Lewis to the said Cavin was of no value, and set about to induce the said Lewis to appeal the said case to the Circuit Court of Appeals at New Orleans; that the said Lewis told the said Cavin that he had no money with which to appeal the case, and had no way of getting the case to the higher courts, so that it might be reversed, as he was poor and not able to make a bond on appeal, and not able to raise the money necessary to pay the cost of appeal; that thereupon the said Cavin told the said Lewis that he might get Parker & Hefner, at Beaumont, Tex., to appeal the said case and advance the necessary money therefor, if he would give the said attorneys one-half of the pine timber upon the said land, and asked the said Lewis if he would be willing to join him in making the said deed to Parker & Hefner for one-half of the timber upon the said land in order to get the case appealed; that the said Lewis agreed to the proposition made to him by said Cavin, and asked the said Cavin to write to Parker & Hefner, but the said Cavin refused to write or take up the matter with them, but insisted on the said Lewis doing so. Plaintiff alleged that the said Lewis suggested at said time to Cavin that probably he could get Mr. R. C. Conn, a banker at Kirbyville, Tex., to advance all necessary moneys to appeal the said case and make a bond therein, if the said Cavin and Lewis would give to him (R. C. Conn) one-half of the timber and land; that said Cavin consented thereto, and requested the said Lewis to go and see the said Conn, and if he would agree to advance the money necessary to appeal said case, and, if he would, to make a deed to the said Conn for one-half of the land, and that he, the said Cavin, would give up or waive his rights to the timber upon the said land. Plaintiff alleged that the said Lewis, acting upon the representations made by said Cavin, upon plaintiff agreeing to make a bond in said case and advance the necessary moneys for appealing the same, executed and delivered to the plaintiff, R. C. Conn, his general warranty deed for the north one-half of the said land; that the said deed was taken by plaintiff on January 16, 1908, and that at the time the said timber deed to Geo. W. Cavin was on record in Newton county, but he, the plaintiff, had no knowledge thereof, and, further, the plaintiff had no knowledge of the sale of the said timber to said Cavin, and did not know that Cavin was interested in said land or timber in any manner: that plaintiff, R. C. Conn, complied with his agreement with G. W. Lewis and caused the said case to be appealed; that a short while after the taking of the said deed from G. W. Lewis, and before the case had been appealed or passed on by the higher court, the said Cavin informed the plaintiff that he had a deed to the timber upon the said land; that the plaintiff then refused to proceed further with the matter of appealing the said case, and so informed the said Cavin, but the said Cavin at said time told the plaintiff that he was willing to give up to the said Conn the timber on the north one-half, if he would proceed with the said appeal, and appeal the said case for Lewis, and also informed the said Conn that he had authorized

G. W. Lewis to make the deed to him for the north one-half of the land in order to get the said Conn to appeal the said case. Plaintiff alleged that by the representations and inducement of the said Cavin he proceeded with the appeal of the said case and advanced the sum of $300 or $350 for appealing the same; that he paid all the cost in the lower court, and the necessary cost of preparing the record and making briefs in the higher court, and paid the expenses of an attorney to New Orleans to make an oral argument in the case, and by virtue thereof the said case was reversed and rendered for G. W. Lewis; that if it had not been for the representations made by the said Cavin he would not have appealed the said case or advanced his money therefor, and that he took the deed to the north one-half of the land in ignorance of the right, if any, of the said Cavin to the timber thereon, and it was only by the assurance made by the said Cavin to him, and because he learned that the said Cavin had authorized the said Lewis to make the said deed that he was induced to proceed with the appeal and advance his money therefor; that in equity and good conscience the said Cavin was estopped from asserting any claim or right to the timber upon the said land. Plaintiff also alleged that in any event he is entitled to recover the sum of $2.25 per 1,000 feet for all timber cut off of the said land by reason of the contract between the said Lewis and Cavin and an assignment thereof by the said Lewis to the plaintiff, and by reason of plaintiff's deed from Lewis. Plaintiff further alleged that by the terms of said pretended contract of sale no completed sale was made of the standing timber of said land by said Lewis to the said Cavin, but the said sale was to be complete only upon the cutting and removal of said timber by the said Cavin and the measuring or scaling of same and the payment therefor by said Cavin; that the said pretended sale was executory in character, and the said instrument in writing under which the said Cavin claims was and is only an executory contract of sale, and the same was never executed by the said Cavin cutting, removing, and measuring the same at his mill, or paying therefor as provided for in said contract; that none of the said timber was ever cut or removed or scaled at the mill of the said Cavin, or elsewhere, as the said Cavin was never in possession of the same; that no title to the said timber passed from the said Lewis to said Cavin, but remained in the said Lewis at the time he executed and delivered the several conveyances to the plaintiff; that by the said conveyance to plaintiff the said Lewis revoked and annulled the said pretended executory contract of sale to said Cavin and the license granted therein to the said Cavin; that it was the intention of Lewis and Cavin that the title to the said timber should remain in Lewis until the said Cavin should avail himself of the terms of the contract, and cut and remove the said timber, measure the same, and pay therefor at the price stipulated, and to give to the said Cavin merely a license to cut and remove the said timber; that the said instrument did not convey any interest in the land of the said Lewis, and was not entitled to record under the laws of this state, and, if recorded, did not operate as notice to this plaintiff. Plaintiff further alleged that at the time of the making of the said contract by said Lewis the suit of Charles Dillingham, Receiver, v. G. W. Lewis was pending, and had been for more than one year, which was known to said Cavin; that after the execution of said contract the said Cavin took no steps to defend the said contract, or to assert his claim, if he had any, but shortly thereafter the said Cavin sold his mill near the said land and moved therefrom, with the intention of abandoning all claims to the said timber, and with no intention of ever removing or cutting the said timber. Plaintiff alleged that the said Lewis was very old and poor, and had no means with which to defend the said suit or employ legal counsel, and because of his necessitous condition it was necessary for him to give a part of said land and timber to obtain funds to prosecute the said case, all of which was well known to the said Cavin, and the said Cavin permitted the said Lewis to deal with the subject-matter of said suit as if it were his own, and the said Cavin is and should be held bound by the acts of the said Lewis done in furtherance of the defense of said suit.

G. W. Lewis answered in this case in the lower court, and referred to and adopted as his own the pleadings of the plaintiff, R. C. Conn. He admitted

all of the allegations in the pleadings of the plaintiff, and alleged that the matters and things therein alleged were true. He prayed that judgment be rendered herein for the said plaintiff as prayed for by him, and that the said Hamman and Cavin be adjudged to recover nothing.

Upon the issues as made by the pleadings, evidence was taken by the respective parties, and final judgment was rendered by the lower court November 3, 1911. By the terms of this judgment the court found against the Houston Oil Company of Texas and the Kirby Lumber Company in the sum of $3,595.50, the same being the value of 1,198,500 feet of timber at $3 per 1,000 feet. The decree does not provide for interest, and the court made no allowance for interest in entering the said decree. By the terms of the decree the defendants, the Houston Oil Company of Texas and the Kirby Lumber Company, were required to pay into court the said sum of money in full satisfaction of the claims of all parties to the record, and ordered the fund distributed as follows: To R. C. Conn, $550; to G. W. Cavin, $961.40; to John Hamman, the sum of $1,042.05: to Geo. W. Lewis, the sum of $1,042.05. The plaintiff, R. C. Conn, being dissatisfied with the said decree, in due time, on December 27, 1911, appealed to this court.

John B. Warren, of Houston, Tex., for appellant.

T. M. Kennerly, John G. Logue, John Hamman, and B. F. Louis, all of Houston, Tex., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). Under the decision of this court (Lewis v. Dillingham, 167 Fed. 779, 93 C. C. A. 267) Lewis, at the institution of the proceedings against him, was the owner of the land in contest. Lewis' deed to Conn, duly recorded, conveyed the north one-half, so that at the time the trespass was committed, and the timber cut and removed, by the receivers of the Houston Oil Company of Texas and the receivers of the Kirby Lumber Company acting in conjunction, Lewis and Conn were the parties damaged.

[1] The subsequent assignment by Lewis to Conn of his timber rights, including his cause of action for damages for the trespass already committed, gave to Conn the right to sue for and recover for all the damages resulting from the taking of the timber from the whole tract; and this right, not specifically denied in the pleadings, is reinforced by the undisputed evidence that the deed for the north one-half of the land and the assignment of timber rights, though absolute in terms, were mere securities for the repayment of moneys advanced by Conn. The decision appealed from ignored this right of Conn, and therefore this appeal must be maintained, as none of the defenses presented are sufficient.

[2, 3] That the receivers, in cutting and removing the timber pendente lite, acted under the advice of eminent counsel, and as they may have supposed within their legal rights, may mitigate the character of the trespass, so far as good faith is to be considered; and this may relieve them from exemplary damages, still the fact remains that without right and pending an appeal wherein the order of the court—if not the bond—operated a supersedeas, they invaded the possession of Lewis, and over his protest cut and removed and converted to their own use 1,198,500 feet of timber belonging to Lewis and Conn, and

they should fully compensate for and restore the same, or its full value, and not be permitted in a court of equity to escape with any profit resulting from their wrongful trespass and conversion.

[4] There is much evidence in the record of "stumpage" value and market value of like timber at the time of the trespass, and while this may be admissible and useful in determining the value when an owner is compelled or is willing to sell, it is not at all conclusive as to the amount to be recovered when property is wrongfully taken over the will and protest of the owner, who has a right to sell or to hold according to his own judgment and necessities. In cases of conversion of personal property of fluctuating value, a rule of damages frequently applied is that the recovery may be at the highest value the property may have had at any time between the conversion and settlement day (38 Cyc. 2096, and cases cited), for we take it that where an owner is not bound to sell he may avail himself of the highest market.

[5] In this case, however, we are somewhat relieved; for in the case we find a contract between the Houston Oil Company of Texas and the Kirby Lumber Company, whose receivers committed the trespass, and who benefited by the same, which stipulates the price to be paid as timber was cut on the lands supposed to belong to the Houston Oil Company of Texas, and therein $5 per 1,000 feet is fixed as the price to be paid for over three-fourths of the timber therein contracted for, and so far as we can find from the record that is the price at which the trespassers in this case and the companies they represented settled for the timber taken from the lands of Lewis and Conn, and under all the circumstances we think that is the price they ought to account for in this case. At less than that they would make a profit out of the trespass.

Conn is the only appellant now before this court, but in order to grant him the relief to which we think he is entitled, and yet do justice, it is necessary to pass upon the claims of the interveners and cross-complainants, appellees, whose rights are involved.

[6] George W. Cavin intervened in a cross-bill, in which he claimed he was the owner of all the pine timber on the Lewis tract, and he exhibited a contract in the form of a warranty deed executed by Lewis October 2, 1906, and thereafter duly recorded, which purports, for a consideration of $200 in cash and the payment of $2.25 per 1,000 feet as scaled thereafter when cut and removed, to convey to Cavin all the merchantable pine timber then standing on the Lewis tract, and ends with this provision:

"It is expressly understood that the said George W. Cavin agrees, by acceptance hereof, to cut and remove said timber above conveyed from the above-described land, within a period of 10 years from date hereof, failing so to do, title thereto shall revert to and vest in grantor herein."

Cavin paid the $200, but thereafter cut and removed no timber from the Lewis tract, nor took any steps to assert any right thereto until after Conn filed his intervention in October, 1909. The contract as shown by the deed is admitted; but the contention below and here is that it was, and is, only a license to Cavin to enter and cut and remove the timber within the limited period, and until the timber should be cut and removed, and paid for, it belonged to Lewis, and it is pointed

out that Cavin was not obligated to take and pay for the timber at any time specifically or otherwise, and that until cut and paid for the timber belonged to Lewis and was solely at his risk, and that this was Cavin's construction of the contract, as he never removed any timber, has not shown that he ever prepared to or contemplated any removal, stood by and allowed the removal by other parties without protest, and, without aiding Lewis to defend his title, now comes in to reap where he has not sown. We have been referred to cases in Texas construing such contracts, in which it has been held they are contracts affecting the realty and must be in writing, and some other cases where a sale was executed by payment of the price, in which it was held that the contract conveyed an interest in the land. We may accept the rulings in these cases, but they do not control in the instant case.

The agreement between Lewis and Cavin is an executory contract of sale of standing timber, on which there was a price fixed and a small advance paid, but delivery was postponed; and, pending the time given to Cavin to remove the timber agreed to be sold, the same has been, and without the fault of the owner, wrongfully carried away and converted, and the question here is what are Cavin's damages recoverable in this suit. He is entitled to recover the $200 paid to Lewis in advance, with legal interest thereon from the date of payment. If he had ever paid Lewis for the timber, and been diligent in the protection of his rights, he might be entitled to the full value of the standing timber at the time it was cut and removed; but he did not pay Lewis, nor did he defend. The decree below allows him the $200 advance payment, and further allows him 75 cents per 1,000, the difference between the $2.25 agreed to be paid by Lewis and $3, the value the court fixed for the standing timber.

It may be that Cavin had a shadowy inchoate equity to be protected by the court, but we have difficulty in locating it. He had no claim against Lewis, even for the advance, for Lewis neither sold nor removed the timber; and it is by no means clear that he had any actionable claim against the receivers, for he was not the owner nor in possession of the timber. The amount allowed Cavin by the decree below is liberal, as we view the facts in the case; but as he has not appealed, and we cannot deny that he has some equity in his claim, we will affirm the decree in his favor.

[7] Appellee Hamman claims relief in this case by reason of a written assignment as follows:

"Know all men by these presents, that I, George W. Lewis, of the aforesaid state and county, for and in consideration of the sum of one dollar ($1.00) to me in hand paid by John Hamman, the receipt whereof is hereby fully acknowledged, and for the additional consideration of services heretofore rendered by him to me in cause No. 1871, entitled G. W. Lewis, Appellant, v. Charles Dillingham, Receiver of Houston Oil Company of Texas, Appellee, in the U. S. Circuit Court of Appeals, Fifth Circuit, at New Orleans, have sold, assigned, transferred, and set over, and by these presents do sell, assign, transfer, and set over, unto said John Hamman, of Houston, Harris county, Texas, a full one-half (½) of any and all sums of money whatsoever to me inuring or accruing under and by virtue of a certain conveyance by me made to George W. Cavin, under date of October 2, 1906, and of record in the records of Newton county, Texas, to which said conveyance and the aforesaid record reference is hereby made. It is the intention hereby to set over to

the said John Hamman a full one-half (½) of all moneys inuring or accruing to me under and by virtue of the terms of said instrument, and to vest in him an equal right with myself therein, as well as in all rights whatsoever vested in me thereby, he, the said Hamman, being hereby subrogated to the said extent in and to my place and stead under said instrument, he being hereby authorized and empowered to collect from said Cavin one-half (½) of certain moneys as may accrue to me under said conveyance. To have and to hold the same unto the said John Hamman, his heirs and assigns, forever, free of all claims and demands whatsoever of myself, my heirs and assigns.

"In testimony whereof, witness my hand, this transfer being executed in duplicate, this March 20, 1909.                  [Signed]  G. W. Lewis."

This document seems to be an assignment in consideration of legal services theretofore rendered on the former appeal in this case of one-half interest in a claim Lewis was supposed to have against Cavin growing out of the timber contract between Cavin and Lewis. The assignment was made at a time when Cavin owed Lewis nothing, for he had not removed nor cut any timber under the contract, and after the receivers had already cut and removed all the timber from the Lewis tract, and there was no possibility that the contract could be further executed, so as to give Lewis any claim enforceable against Cavin.

In this present suit neither Lewis nor his assigns recover anything from Cavin by reason of the contract. On the contrary, in the decree below and in this court, Cavin practically recovers from Lewis on the nebular theory that if he had paid Lewis for the timber he would have made a profit of 75 cents per 1,000 feet out of the trespass of the receivers. Hamman has not proved in this case the extent or value of the services rendered Lewis on the former appeal in this court, and Lewis may be indebted to him for such services, and the assignment relied on furnishes no guide to adjudge any amount he may be entitled to recover in this case.

In the brief filed by appellee Hamman in this case, and signed by him as associate counsel, it is alleged that George W. Lewis was a poor, old, uneducated man, and it was not only proper, but commendable, for the court in the exercise of its equity powers to award this unprotected old man what the evidence established was his rights. This is advanced as a reason why Lewis' assignment to Conn was properly disregarded, and Conn's claim cut down to the actual advances of cash and property made by him, and we think it is equally good as applied to Hamman's assignment, obtained from the same "poor, old, uneducated man."

As the proof furnishes us no basis for determining the real amount due Hamman, we shall sufficiently recognize his demand by allowing him in the decree to be rendered such amount for his professional services in the former litigation as the parties may agree, subject to the arbitrament and approval of the court below.

George W. Lewis, the central figure in this litigation, without being made a party to the same, and after giving his evidence, of his own motion and apparently without objection, appeared by counsel and filed an entitled answer in the case as follows:

"Now comes G. W. Lewis, by his attorney herein, and makes and files this his answer to the pleadings of the defendants herein.

"I. The said G. W. Lewis refers to and adopts as his own pleadings the pleadings of the plaintiff herein, R. C. Conn.

"II. The said Lewis admits all allegations in the pleadings of the plaintiff herein, and says the matters and things therein alleged are true.

"III. The said Lewis prays that judgment be rendered herein for the said plaintiff as prayed for by him, and that the said Hannnan and Cavin be adjudged to recover nothing.

"John B. Warren, Attorney for G. W. Lewis."

From which it appears that he informally joins intervener Conn as co-complainant.

[8] Under his evidence and that of intervener Conn, it appears clearly established that under titles formally conveying to Conn land and all of Lewis' right of action for and interest in and to the timber that had been carried away from his lands, yet in fact the same were in the nature of collateral security for advances made and to be made, with the understanding that after the collection of the timber claims Conn should account to Lewis as trustee. The court below took this view of the case in the decree, and to a certain extent protected Lewis in the matter. In the decree which we shall render in the case we think that Lewis' rights will be fully protected without attempting to precisely adjust or limit them.

The decree of the court below is reversed, and this cause is remanded, with instructions to enter the following decree:

It appearing to the court that the receiver of the Houston Oil Company of Texas and the receivers of the Kirby Lumber Company, acting together, during the months of October, November, and December, 1908, and January, 1909, cut and removed from the 160 acres of land of the W. C. Armstrong survey, in Newton county, Texas, the property of George W. Lewis, 1,198,500 feet of timber without right, and should account for the same, and the court finding that the said Houston Oil Company of Texas and the said Kirby Lumber Company and the receivers thereof, which have since been discharged by the court—jurisdiction, however, being retained over the same and the said companies and the properties thereof until the disposition of all pending interventions, of which this is one—are liable for the value of said timber so cut and removed, which the court finds and declares to be the sum of $5 per 1,000 feet, amounting to the sum of $5,992.50, it is accordingly ordered, adjudged, and decreed that the defendants, the Houston Oil Company of Texas and the Kirby Lumber Company, pay into the registry of this court said sum of $5,992.50 in full settlement and satisfaction of the claims of all the parties hereto to said timber so cut and removed, which sum shall be distributed among the parties hereinafter named, but this decree as against said companies shall in no wise prejudice the rights of either company against the other; and it further appearing to the court that George W. Lewis did on the 2d day of October, 1905, convey to the defendant George W. Cavin the right for a period of ten years to cut and remove the said timber from the lands aforesaid in consideration of the sum of $200 advanced and the payment thereafter of $2.25 per 1,000 feet of timber as same should be removed and scaled, and it further appearing that the intervener R. C. Conn had notice of the conveyance of such

timber rights to the said George W. Cavin, it is ordered and decreed that out of the funds so ordered to be paid into the registry of the court the said George W. Cavin do receive the sum of $961.40 in full settlement and satisfaction of all claims against the Houston Oil Company and the Kirby Lumber Company and the receivers of said companies and all other parties hereto of all of said Cavin's claims growing out of the timber contract between him and the said George W. Lewis; and it is also ordered and decreed that for professional services rendered by John Hamman, Esq., in the former suit between Lewis and Dillingham, Receiver, in Intervention 294, No. 54, Equity, of the docket of this court, the said Hamman be paid from such sum deposited as the parties in interest may agree, subject to the approval and arbitrament of the judge of the court below.

It is further ordered and decreed that the remainder of the said sum of $5,992.50 be paid over to intervener R. C. Conn, who is hereby adjudged the trustee therefor of George W. Lewis, and which, after he has paid himself the advances of cash and property heretofore made by him to said Lewis, with interest thereon to this date, and his proper expenses and disbursements as trustee, and shall have paid and settled attorney's fees and other legitimate charges, he shall account for and pay over to said George Lewis; all subject to the approval and arbitrament of the judge of the court below.

It is further ordered, adjudged, and decreed that all costs be paid by the defendants the Houston Oil Company of Texas and the Kirby Lumber Company, and that the clerk shall not make up the final record herein unless, upon application of the parties in interest, the court may order it done.